# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-9249-GW(ASx) | Date | April 12, 2018 |
|---|---|---|---|
| Title | *Marsha Grigsby v. Wells Fargo Bank, N.A., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Patricia R. Rodriguez | Viddell Lee Heard, Jr. | |

**PROCEEDINGS:** **PLAINTIFF'S MOTION TO REMAND [24];**

**WELLS FARGO BANK, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [19];**

**SCHEDULING CONFERENCE**

Court and counsel confer. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court would DISMISS Plaintiff's claims WITHOUT PREJUDICE to allow Plaintiff an opportunity to amend them to conform to this Order. As to Plaintiff's motion to remand, the Court DENIES that motion. Plaintiff will have until May 14, 2018 to file a Second Amended Complaint.

The Court VACATES the scheduling conference, and sets a status conference for May 10, 2018 at 8:30 a.m. Counsel are to file a joint status report by noon on May 8, 2018.

| | : | 03 |
|---|---|---|
| | Initials of Preparer | JG |

**_Grigsby v. Wells Fargo Bank, N.A._**, Case No. 2:17-cv-09249-GW-(ASx)
Tentative Rulings on: (1) Motion to Remand, and (2) Motion to Dismiss

### I. Background

Plaintiff Marsha Grigsby ("Plaintiff" or "Grigsby") sues Wells Fargo Bank, N.A. ("Wells Fargo"), Clear Recon Group ("Recon"), and Does 1-10 for: (1) wrongful foreclosure; (2) violation of California Civil Code § 2923.5 ("Section 2923.5"); (3) breach of the implied covenant of good faith and fair dealing; (4) violation of the California Unfair Competition Law ("UCL"), California Business and Professions Code § 17200; (5) cancellation of a void contract pursuant to California Civil Code §§ 1670.5, 1689, 3412, and 1692; and (6) declaratory relief. *See generally* First Amended Complaint ("FAC"), Docket No. 16. The dispute arises out of actions related to Wells Fargo's foreclosure of Plaintiff's property.

The FAC alleges the following: Plaintiff lives at 558 E. Hyde Park, Apt. 2, Inglewood, California, 90302 ("the Property"), a property purchased with "Plaintiff's loan" from World Savings Bank ("WSB") in 2007 ("the Loan"). *See* FAC at ¶¶ 2-4. Wells Fargo acquired WSB's interest in the Loan at some point thereafter. *Id.* ¶¶ 6-7. On September 15, 2016 Defendants executed a Notice of Rescission of the Notice of Default on the Property. *Id.* ¶ 13. Immediately thereafter, Defendants commenced foreclosure proceedings following the recording of another Notice of Default on September 20, 2016. *Id.* ¶ 14. On September 23, 2016 Plaintiff recorded a grant deed. *Id.* ¶¶ 5, 11. Defendants then executed, served, and on January 9, 2017 recorded, the Notice of Trustee sale, stating that an auction would take place on February 8, 2017. *Id.* ¶¶ 15-16. The Notice of Trustee's Sale named "IVERY WALTERS" ("Walters").[1] *Id.* ¶ 16. The Notice of Trustee's Sale and the Notice of Default did not name or identify Plaintiff which Plaintiff alleges is a violation of California Civil Code §§ 2923.5 and 2924(b). *Id.* ¶¶ 16-18.

Plaintiff filed this lawsuit in California Superior Court on November 3, 2017. *See generally* Complaint ("Compl."), Notice of Removal, Ex. A, Docket No. 1-1. Wells Fargo timely removed the action to this Court on December 27, 2017, invoking diversity jurisdiction. *See generally* Notice of Removal ("NOR"), Docket No. 1. Plaintiff filed the FAC on January 24, 2018; and on February 7, 2018, Wells Fargo moved to dismiss the FAC in its entirety, *see*

---

[1] It is unclear what the FAC means when alleging that the notice "named" Walters.

*generally* Motion to Dismiss ("MTD"), Docket No. 19.

In support of the MTD, Wells Fargo requests that the Court take judicial notice of certain documents related to the Loan and Property, pursuant to Federal Rule of Evidence 201: (1) a certificate of corporate existence, (2) a letter from the Office of Thrift Supervision ("OTS"), (3) a charter of Wachovia Mortgage, FSB, (4) a certification of the Comptroller of the Currency, (5) a printout from the Federal Deposit Insurance Corporation, (6) a deed of trust dated March 23, 2007, (7) a fixed rate mortgage note dated March 23, 2007, (8) a grant deed dated November 6, 2014, (9) a grant deed dated August 2, 2016, (10) a grant deed dated January 24, 2017, (11) a bankruptcy docket regarding a voluntary Chapter 7 filing, (12) a notice of default dated September 15, 2016, (13) a notice of trustee's sale dated January 4, 2017, (14) a Federal Home Loan Bank Board, General Counsel opinion letter dated August 13, 1985, (15) an OTS opinion letter dated July 22, 2003, (16) an Office of the Comptroller of the Currency 2011-47 bulletin dated December 8, 2011, and (17) a trustee's deed upon sale dated November 29, 2017. *See generally* Request for Judicial Notice in Support of Wells Fargo's MTD ("RJN"), Docket No. 20. Plaintiff does not object to this request. The Court will consider documents related to the Property in its ruling, including the fixed rate mortgage note, deed of trust, grant deeds, notice of default, notice of trustee's sale, and the trustee's deed, as they are incorporated into the FAC by reference. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters which a court may take judicial notice"); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). With regard to the government documents and opinion letters, Federal Rule of Evidence 201 allows the Court to take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See e.g. Abdullah v. U.S. Sec. Assocs.*, 731 F.3d 952, 959 n. 10 (9th Cir. 2013) (taking judicial notice of an opinion letter from the California Division of Labor Standards Enforcement). Further, in light of Plaintiff's failure to object, the Court will consider the referenced items.

Two motions are now pending before the Court. The first is Plaintiff's Motion to Remand ("MTR"), Docket No. 24. In response, Defendant has filed its opposition to the MTR. Wells Fargo's Opposition to MTR ("MTR Opp."), Docket No. 28. Plaintiff then filed its reply in

support of the MTR. Reply in Support of Plaintiff's MTR ("MTR Reply"), Docket No. 32. The second motion before the Court is Wells Fargo's Motion to Dismiss ("MTD"), Docket No. 19. Plaintiff has filed an opposition to that motion. Plaintiff's Opposition to Wells Fargo's MTD ("MTD Opp."), Docket No. 29. In response, Wells Fargo has filed a reply in support of its MTD. Wells Fargo's Reply in Support of the MTD ("MTD Reply"), Docket No. 30. On April 5, 2018, Plaintiff filed with the Court a Notice of Filing Recorded Pendency of Action, Docket No. 37.[2]

## II. **Motion to Remand**

Plaintiff moves to remand the case to state court, claiming Defendants have not met their burden of proving that the amount in controversy exceeds $75,000. *See* MTR at 5-7. Plaintiff oscillates between conceding and opposing the presence of complete diversity of citizenship. *Id.* at 7-9. Wells Fargo opposes the MTR, claiming the amount in controversy exceeds $75,000 and maintaining that there is complete diversity of citizenship. *See generally* MTR Opp.

### A. Legal Standard

"Federal courts are courts of limited jurisdiction," and have subject matter jurisdiction only to the extent "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799)); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). The removal statute is strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *Libhart v. Santa*

---

[2] In that filing, Plaintiff includes the Pendency of Action ("the lis pendens") as Exhibit A. Under California law, "a party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." Cal. Code Civ. Proc. § 405.20. This practice gives "constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice." *BGJ Assocs., LLC v. Superior Court*, 75 Cal. App. 4th 952, 966 (1999). A lis pendens "clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged," and because of its powerful effects, "should be applied narrowly." *Id.* at 967. The Court anticipates the possibility of a motion to expunge the lis pendens and will therefore wait to consider the issue.

*Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). To invoke diversity jurisdiction, the party asserting jurisdiction must establish that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

**B. Analysis**

*1. Amount in Controversy*

To invoke diversity jurisdiction, the party asserting jurisdiction must show the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). "While a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, evidence establishing the amount is required once the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Once the plaintiff contests, or the court questions the allegation and where "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000." *Kroske v. U.S. Bank Corp.*, 432 F.3d 876, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006) (quoting *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)). "[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016).

In Plaintiff's motion to remand, she argues that the amount in controversy does not exceed $75,000 because the First Amended Complaint "does not allege a specific amount." MTR at 3, 5. She further asserts that the FAC does not seek monetary damages, but instead requests that the Court prevent foreclosure of the Property. *Id.* at 3. Wells Fargo counters that Plaintiff's original complaint seeks damages of "not less than $500,000," and that the Court should examine the amount in controversy using the amount in that initial pleading. MTR Opp. at 1. Wells Fargo also argues that because foreclosure has already occurred, any injunctive relief

4

would require the unwinding of a $760,000 foreclosure sale. *Id.* at 2.

Plaintiff's argument lacks merit. In Plaintiff's original November 3, 2017 Complaint she requests "general and special damages . . . not less than $500,000." Compl. ¶ 28. Though Plaintiff deleted the $500,000 figure from the First Amended Complaint, filed *after* the Notice of Removal, that change has no bearing on this analysis. The Court determines the amount in controversy at the time of removal. *See Sparta Surgical*, 159 F.3d at 1213; *see also* O'Connell & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2017) at 2D-28 ("The amount is tested *at the time of removal*, not as increased or decreased due to later events.") At the relevant juncture, Plaintiff alleged "not less than $500,000" in damages, far exceeding the $75,000 amount in controversy requirement. Compl. ¶ 28. For that reason, the Court would find that the amount in controversy requirement surpasses $75,000 and is therefore satisfied as to that issue.

2. *Citizenship*

Plaintiff indicates that she reserves the right to challenge Defendants' citizenship, but she does "not dispute the Defendants' contentions regarding citizenship and only briefly mention[s] it [in the MTR]." MTR at 3.

a. Plaintiff's Citizenship

The parties do not dispute that Plaintiff is a citizen of California for diversity purposes. *See* NOR at 1-2; *see* FAC ¶ 2; *see generally* MTR.

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (citations omitted). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)). A person's domicile is the place he or she physically resides with the intent to make it a fixed and permanent home, while residence means living in a particular locality. *See id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).

According to the FAC, Plaintiff's "primary residence" is at the Property, located in Inglewood, California. FAC ¶ 2. The Court would consider Plaintiff a citizen of California.

5

b. Wells Fargo's Citizenship

Plaintiff states that she does "not dispute the Defendants' contentions regarding citizenship," but she goes on to argue that Wells Fargo is a citizen of California anyway. MTR at 3. According to Plaintiff, Wells Fargo is a citizen of California because Wells Fargo allegedly lists its corporate office as in San Francisco, California and because the company houses 1,037 branch offices in California. *Id.* at 7. Defendant counters with Ninth Circuit authority in *Rouse, et al. v. Wachovia Mortgage, FSB*, 747 F.3d 707, 715 (9th Cir. 2014), where the court held that Wells Fargo is solely a citizen of South Dakota. MTR Opp. at 2.

Indeed, Plaintiff recognizes that *Rouse* binds the Court here. MTR at 3. The Court need not address Plaintiff's outdated arguments because the Ninth Circuit's holding in *Rouse* is clear: under U.S.C. § 1348, "a national banking association is a citizen only of the state in which its main office is located. Accordingly, Wells Fargo is a citizen only of South Dakota, where its main office is located . . . ." *Rouse*, 747 F.3d at 715. The Court would consider Wells Fargo a citizen of solely South Dakota, not of California.

c. Recon's Citizenship

Wells Fargo contends, and Plaintiff has yet to dispute, that Recon is a nominal Defendant that replaced Golden Service Co. as trustee on the deed of trust, rendering Recon's California citizenship irrelevant for purposes of diversity jurisdiction. *See* NOR at 3-5.

"Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." *Wise v. Suntrust Mortg., Inc.*, No. 11-CV-01360-LHK, 2011 WL 1466153, at *4 (N.D. Cal. 2011) (quoting *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002)). "A defendant is a nominal party where his role is limited to that of a stakeholder." *Hewitt v. Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986). Nominal defendants include an entity that "holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998). "The paradigmatic nominal defendant is a trustee, agent, or depositary . . . joined purely as a means of facilitating collection." *Id.* (citing *S.E.C. v. Cherif*, 933 F.2d 403 (7th Cir. 1991)). A nominal defendant is thus not a real party in interest. *Id.*

A trustee, pursuant to California Civil Code § 2924, can declare non-monetary status so long as it "maintains a reasonable belief that it has been named in the action or proceeding solely

in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee." Cal. Civ. Code § 2924(a). If no party objects within 15 days of filing the declaration, that trustee constitutes a nominal defendant. As a result, a court would then disregard its citizenship for diversity purposes. *Id.* § 2924(d); *see Jenkins v. Bank of Am., N.A.*, No. CV-14-04545-MMM, 2015 WL 331114, at *6 (C.D. Cal. 2015) ("District courts have recognized that defendants who file a declaration of non-monetary status to which plaintiffs do not object are merely nominal parties whose citizenship does not count for diversity jurisdiction purposes") (citing *Silva v. Wells Fargo Bank NA*, No. CV-11-3200-GAF, 2011 WL 2437514, at *4 (C.D. Cal. 2011)).

Here, Golden Service Co.'s previous role, and now Recon's current role, appear limited to that of trustee under the deed of trust. RJN, Ex. F. Prior to removal, Recon served Plaintiff with its declaration of non-monetary status on December 19, 2017, and Plaintiff did not respond within the 15-day statutory period. NOR, Ex. B, Docket No. 1-1. The Court will therefore consider Recon a nominal defendant and disregard its California citizenship for purposes of diversity.[3]

In light of the above, the Court would find that complete diversity exists − with Plaintiff a citizen of California, Wells Fargo a citizen of South Dakota, and Recon's citizenship immaterial.

### III. Motion to Dismiss[4]

#### A. 12(b)(7) Motion to Dismiss

##### 1. Legal Standard

A party may bring a motion to dismiss for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 provides that a party "must be joined" if, in that party's absence, the court "cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a). Under Rule 19, courts undertake a three-step analysis to determine whether an absent party should be joined. *See E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). First, the court must

---

[3] Wells Fargo also argues that Recon is a fraudulently joined defendant but, because the Court considers Recon a nominal defendant, it need not address that argument. NOR at 7-8.

[4] Defendant Wells Fargo filed its Reply in Support of the Motion to Dismiss, Docket No. 30, two days late on February 28, 2018 rather than on the Court's February 26, 2018 deadline. Taking into consideration the Declaration of Viddell Lee, Docket No. 31, the Court takes Wells Fargo's Reply under consideration. Parties involved in this litigation should respect all deadlines ordered by the Court going forward. *See* L.R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule.")

determine whether the absent party is "necessary." *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 819 (9th Cir. 1985). A party is "necessary" if,

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Second, if the absent party is a "necessary party under Rule 19(a)," the court must determine whether it is feasible to order that the absentee be joined. Fed. R. Civ. P. 19(b); *Peabody W. Coal Co.*, 400 F.3d at 779. Joinder is not feasible, for example, when venue is improper, when the absentee is not subject to personal jurisdiction, or when joinder would destroy subject matter jurisdiction. *Id.* Third, "if joinder is not feasible," the court must determine "whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." *Id.* In ruling on a motion brought pursuant to Rule 12(b)(7), "the court may consider matters outside the pleadings and weigh conflicting evidence." *SCI CA. Funeral Servs., Inc. v. Westchester Fire Ins. Co.*, 288 F.R.D. 450, 452 (C.D. Cal. 2013) (citation omitted).

   2. *Analysis*

Wells Fargo argues that Walters is an indispensable party never joined under Rule 19, meriting dismissal. *See* MTD at 9-11. Wells Fargo avers that it cannot modify the loan agreement without Walters's consent and posits that, because the foreclosure sale brought in $170,000 less than the loan balance, Walters might prefer that the Property be sold and the Loan extinguished − as opposed to reversing the sale and reinstating the Loan, which the FAC requests. MTD at 10 (citing RJN, Ex. Q (showing sale $170,000 below the loan balance)). Wells Fargo also asserts that because the FAC requests the cancellation of the applicable Loan agreements, the requested relief would affect the rights of Walters as borrower and co-owner.

MTD at 10 (citing FAC Prayer for Relief ¶¶ 6-7). Last, Wells Fargo argues that failing to join Walters would risk future litigation against Wells Fargo on the same subject matter due to Walters's status as borrower and co-owner. *Id.* Plaintiff provides no response. *See generally* MTD Opp.

The Court finds persuasive *Bickoff v. Wells Fargo Bank, N.A*, No. 11-CV-02452-BEN, 2012 WL 3637381 (S.D. Cal. Aug. 20, 2012), cited by Wells Fargo. In that case, the plaintiff purchased real property and subsequently took out a loan to cover construction that would later become a financing loan. *Id.* at *1. The plaintiff eventually quitclaimed 40 percent of the property to his former wife, and the court determined that she was an indispensable party as co-owner of the property. *Id.* As such, the court dismissed the amended complaint for failure to join the plaintiff's former wife. *Id.* at *3.

Here, like in *Bickoff,* Plaintiff failed to join a co-owner of the Property. Originally, Walters took a loan out from WSB, securing the Loan with a deed of trust. *See* RJN, Exs. F, G. Though Plaintiff deeded the Property to Marchanna Brown and Charleston Brown, RJN, Ex. H, they deeded the Property to Plaintiff, RJN, Ex. I, who then gifted a 10 percent interest in the Property back to Walters in January 2017, RJN, Ex. J. As a co-owner, Walters is an indispensable party with an interest in the subject of this litigation, and failing to join Walters in this action would both impede Walters's interest in the Property and risk subsequent litigation on behalf of Walters against Wells Fargo.

Moreover, Walters is the borrower of the Loan, whose default led to the present foreclosure action. RJN, Ex. L at 3. As borrower, Walters's classification as an indispensable party multiplies twofold. *See Hammons v. Wells Fargo Bank, N.A.*, No. 15-CV-04897-RS, 2015 WL 9258092, at *7 (N.D. Cal. Dec. 18, 2015) (holding that a co-borrower was an indispensable party and that the "complaint must therefore be dismissed under Rule 12(b)(7)."). The FAC, in Paragraphs 6 and 7 of the Prayer for Relief, appears to request rescission of a loan agreement to which Walters signed, and "[n]o procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable." *Virginia Sur. Co. v. Northrop Grumman Corp.*, 144 F.3d 1243, 1248 (9th Cir. 1998).

For not joining Walters under Rule 19, all claims in the FAC fail, and any amended complaint must include Walters to survive. As such, the Court would dismiss all claims for

failing to join Walters under Rule 19.

The Court assumes (until it is shown otherwise) that Plaintiff can amend her pleadings to add Walters such that the action can go forward. Consequently, the Court considers Wells Fargo's Rule 12(b)(6) motion to dismiss because, if there is any amend to the complaint, the defects in the current FAC should also be addressed and corrected.

### B. 12(b)(6) Motion

*1. Legal Standard*

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.").

In deciding a 12(b)(6) motion, a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (indicating that a court may consider a document "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion"). The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court is not required to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a plaintiff facing a 12(b)(6) motion has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the motion should be denied. *Id.*; *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1191 (9th Cir. 2013). But if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged – but it has not show[n] . . . the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (citations omitted).

   2. *HOLA Preemption*

Wells Fargo argues that the Home Owners' Loan Act ("HOLA") preempts all of Plaintiff's state law claims. MTD at 2-9. It asserts that when Walters took out the Loan for the Property in 2007 from WSB, a federal savings bank, HOLA preemption attached to the Loan. *Id.* at 2-5. Wells Fargo argues that HOLA preemption applies to the Loan even after transfer or sale to Wells Fargo. *Id.* Plaintiff provides no response. *See generally* MTD Opp.

Preemption is not a novel argument for Wells Fargo to assert and it has been accepted in some instances, including within this judicial district. *See, e.g., In re Ocwen Loan Servicing, LLC Mortgage Servicing Litig.*, 491 F.3d 638, 642 (7th Cir. 2007); *Terrazas v. Wells Fargo Bank, N.A.*, No. 13-cv-00133-BEN, 2013 WL 5774120, at *3 (S.D. Cal. Oct. 24, 2013); *Pratap v. Wells Fargo Bank, N.A.*, No. C 12-06378-MEJ, 2013 WL 5487474, at *3-5 (N.D. Cal. Oct. 1, 2013); *Marquez v. Wells Fargo Bank, N.A.*, No. C 13-2819-PJH, 2013 WL 5141689, at *4 (N.D. Cal. Sept. 13, 2013); *Taguinod v. World Savings Bank, FSB*, 755 F. Supp. 2d 1064, 1068-69 (C.D. Cal. 2010); *Guerrero v. Wells Fargo Bank, N.A.*, No. CV 10-5095-VBF, 2010 WL 8971769, at *3 (C.D. Cal. Sept. 14, 2010); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010)). The argument is not universally accepted, however:

> Other district courts have more recently questioned the logic of allowing a successor party such as Wells Fargo to assert HOLA preemption, especially when the wrongful conduct alleged was done after the federal savings association or bank ceased to exist. *See, e.g., Cerezo v. Wells Fargo Bank*, No. 13-1540 PSG, 2013 WL 4029274, at *2-4 (N.D. Cal. Aug. 6, 2013); *Leghorn v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 1093, 1107-08 (N.D. Cal. 2013); *Hopkins v. Wells Fargo Bank, N.A.*, CIV 2:13-00444 WBS, 2013 WL 2253837, at *3 (E.D. Cal. May 22, 2013); *Rhue v. Wells Fargo Home Mortgage, Inc.*, No. CV 12–05394 DMG (VBKx), 2012 WL 8303189, at *2-3 (C.D. Cal. Nov. 27, 2012); *Rodriguez v. U.S. Bank Nat. Ass'n*, Civ. No. 12-00989 WHA, 2012 WL 1996929, at *7 (N.D. Cal. June 4, 2012); *Albizo v. Wachovia Mortgage*, No. 2:11-cv-02991 KJN, 2012 WL 1413996, at *15-16 (E.D. Cal. Apr. 20, 2012); *Scott v. Wells Fargo Bank, N.A.*, No. 10-3368 (MJD/SER), 2011 WL 3837077, at *4-5 (D. Minn. Aug. 29, 2011); *Gerber* [*v. Wells Fargo Bank, N.A.*, No. CV-11-01083-PHX-NVW], 2012 WL 413997, at *4 [D. Ariz. Apr. 9, 2012]; *Valtierra v. Wells Fargo Bank, N.A.*, Civ. No. 1:10-0849, 2011 WL

> 590596, *4 (E.D. Cal. Feb. 10, 2011). Those courts usually have applied HOLA preemption only to conduct occurring before the loan changed hands from the federal savings association or bank to the entity not governed by HOLA. *See, e.g.*, *Leghorn*, 950 F. Supp. 2d at 1107-08; *Hopkins*, 2013 WL 2253837, at *3; *Rhue*, 2012 WL 8303189, at *2-3; *Rodriguez*, 2012 WL 1996929, at *7; *Scott*, 2011 WL 3837077, at *4-5; *Gerber*, 2012 WL 413997, at *4; *Valtierra*, 2011 WL 590596, *4. This is because "preemption is not some sort of asset that can be bargained, sold, or transferred . . . ." *Gerber*, 2012 WL 413997, at *4.

*Rijhwani v. Wells Fargo Home Mortgage, Inc.*, No. C 13-05881-LB, 2014 WL 890016, at *7 (N.D. Cal. Mar. 3, 2014); *see also Harris v. Wells Fargo Bank N.A.*, No. 5:16-cv-00645-CAS, 2016 WL 3410161, at *8 (C.D. Cal. June 15, 2016) ("[T]he growing trend amongst district courts in the Ninth Circuit appears to be to find that HOLA preemption only applies to conduct arising *before* a federal savings bank merged with a national bank association") (citations omitted).

Here, in 2007 when the Loan was taken out to purchase the Property, WSB was a federal savings bank, regulated by the OTS. *See* RJN, Exs. A and C. Subsequently, WSB changed its name to Wachovia Mortgage, FSB, RJN, Ex. B, which later became part of Wells Fargo Bank, RJN, Ex. E. Plaintiff does not dispute this chain of events. *See generally* FAC; *see also* MTD Opp. Nonetheless, in the absence of authority from the Ninth Circuit on this issue, the Court would align itself with "the growing trend." *See Harris*, 2016 WL 3410161, at *8. The Court is not persuaded that HOLA preemption may be transferred from one entity (to which it did apply) to another (which it would not ordinarily apply) as to conduct arising after the transfer. To the extent any portion of Plaintiff's claims might be read to allege that Wells Fargo, as successor in interest, is liable for *WSB*'s violations of California state law in originating and in acting pursuant to the loan, the Court would find those causes of action preempted by HOLA. To the extent that the FAC alleges a violation of California law directly attributable solely to Wells Fargo, the Court would not find those causes of action preempted by HOLA. The Court will further address the issue as appropriate in considering the merits of Plaintiff's claims.

   3. *Claim-by-Claim Analysis*

Wells Fargo moves to dismiss all six of Plaintiff's causes of action for failure to state a claim. *See* MTD 11-20. The Court will address each claim in turn.

### First Cause of Action − Wrongful Foreclosure

In the first cause of action, Plaintiff alleges that Defendants wrongfully foreclosed on the Property in violation of Section 2923.5. FAC ¶¶ 19-25 (citing Cal Civ. Code § 2923.5). More specifically, Plaintiff alleges that Defendants did not give Plaintiff notice 30 days before recording a new notice of default after rescinding the older notice of default earlier that day. *Id.* ¶ 21.

Section 2923.5 requires that prior to filing a notice of default, a servicer, mortgagee, trustee, beneficiary, or authorized agent must contact the borrower by telephone or in-person to assess the borrower's financial situation and explore ways for the borrower to avoid foreclosure. Cal Civ. Code § 2923.5; *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 213-14 (2010) ( "Civil Code section 2923.5 requires, before a notice of default may be filed, that a lender contact the borrower in person or by phone to 'assess' the borrower's financial situation and 'explore' options to prevent foreclosure"). The noticing party must then wait 30 days after the initial contact is made to record the notice. Cal Civ. Code § 2923.5.

Wells Fargo argues Plaintiff has failed to allege a Section 2923.5 violation for four reasons, and the Court will analyze those arguments in turn. First, Wells Fargo asserts that Section 2923.5 does not apply to it because the statute only applies, as per California Civil Code § 2924.18, to entities that foreclose on under 175 properties in the recording period. MTD at 11. Plaintiff does not respond to this argument. *See generally* MTD Opp. The Court cannot properly analyze this argument because Wells Fargo provides no evidence of how many foreclosures it has had during its annual reporting period. *See e.g. Thompson v. Wells Fargo Bank, N.A.*, No. 16-CV-04268-RS, 2016 WL 5897733, at *2 (N.D. Cal. Oct. 11, 2016) ("The problem with this argument is that Wells Fargo neither explains what its immediately preceding annual reporting period was, nor offers any evidence of how many foreclosures it had during that period.") Thus, the Court does not dismiss Plaintiff's first cause of action on this ground.

Second, Wells Fargo argues that Plaintiff is not a borrower subject to Section 2923.5. MTD at 12. Plaintiff provides no response. *See generally* MTD Opp. The Court recognizes that Section 2923.5 makes no mention of owners; it speaks instead of borrowers. *See generally* Cal. Civ. Code § 2923.5. The deed of trust, provided by Wells Fargo, indicates Walters as "borrower" and explains that the borrower is the "trustor." *See* RJN, Ex. F at 1-2. At most, Plaintiff cursorily touches on this in the FAC by referring to the Loan as "Plaintiff's loan." FAC

¶¶ 2, 4. Plaintiff muddles her status as borrower when noting that the notice of trustee sale "named IVERY WALTERS." *Id.* ¶ 16. As currently pleaded, there are insufficient allegations as to Plaintiff's status as borrower, and as a result, this claim would fail.[5]

Third, Wells Fargo argues that Plaintiff fails to plead facts demonstrating it violated Section 2923.5. MTD at 12-14. Plaintiff rebuts, arguing that Defendants violated Section 2923.5 by failing to notify Plaintiff before recording the notice of default. MTD Opp. 7. She argues that Defendants did not "contact Plaintiff in person or by telephone, prior to executing the NOD, in order to discuss plaintiff's options to avoid foreclosure and advise Plaintiff as to her right to a meeting within (14) days . . . Plaintiffs [sic] were not allowed to meet with the lender as requested on multiple occasions . . . ." *Id.* at 7-8. Assuming *arguendo* that Plaintiff is the borrower, the first cause of action contains mere conclusory statements with insufficient facts alleged as to Wells Fargo's violation of Section 2923.5. In the FAC, Plaintiff recites the elements of Section 2923.5 and states that Wells Fargo "recorded a new Notice of Default without first giving Plaintiff 30 days' notice as required in § 2923.5." FAC ¶ 21. Though Plaintiff mentions more specifics in her opposition, the FAC does not contain those allegations. MTD Opp. 7-8; *see generally* FAC. Under *Iqbal*, 556 U.S. at 678, without concrete factual allegations, these claims would fail even if Plaintiff is the borrower of the Loan. *See Major v. Wells Fargo Bank, N.A.*, No. 14-CV-998-LAB, 2014 WL 4103936, at *3 (S.D. Cal. Aug. 18, 2014) (holding that "[a]dditional facts need to be alleged, such as: (1) whether [the plaintiffs] were purposefully avoiding corresponding with Wells Fargo; (2) whether Wells Fargo exercised due diligence in trying to reach [the plaintiffs]; or (3) whether [the plaintiffs] received any telephone calls or personal messages from Wells Fargo."); *see also Newman v. Bank of New York Mellon*, No. 1:12-CV-1629-AWI, 2013 WL 1499490, at *11 (E.D. Cal. Apr. 11, 2013). As such, the Court would dismiss the first cause of action for failing to provide sufficient factual allegations.

Fourth, Wells Fargo avers that Plaintiff must show a "material" violation of Section 2923.5 and that the FAC pleads no facts demonstrating a material violation. MTD at 13-14. Plaintiff does not address this argument in its opposition. *See generally* MTD Opp. Wells Fargo is correct that California Civil Code § 2924.12(a) authorizes suit only for "a material violation"

---

[5] If in the future Plaintiff does not sufficiently allege that she is the borrower of the Loan, rather than Walters, her Section 2923.5 claims will continue to fail as they do now.

of Section 2923.5. Because Plaintiff has not adequately pleaded *any* violations of Section 2923.5, the Court would find no material violation of that same statute and would dismiss the first cause of action for that reason.

### *Second Cause of Action − Violation of California Civil Code § 2923.5*

In the seemingly duplicative second cause of action, Plaintiff again alleges that Defendants violated Section 2923.5. FAC ¶¶ 26-31. Plaintiff alleges that Defendants "failed to notify Plaintiff before recording the Notice of Default. The Violation is clear on its face as Defendants rescinded the Notice of Default on September 20, 2016 and then recorded a new Notice of Default that same day." *Id.* ¶ 28. Plaintiff contends that as a "direct and proximate result of the violation of [Section 2923.5] Plaintiff has suffered the loss of title to her house, statutory, general and special damages in an amount to be determined at trial." *Id.* ¶ 30. Wells Fargo's four arguments in support of dismissing the first cause of action above also apply to Plaintiff's second cause of action. MTD at 11-14. The Court would dismiss the second cause of action for the same reasons as the first cause of action, as discussed above.

### *Third Cause of Action − Breach of the Covenant of Good Faith and Fair Dealing*

In the third cause of action, Plaintiff alleges breach of the covenant of good faith and fair dealing. FAC ¶¶ 32-35.

"California law, like the law in most states, provides that a covenant of good faith and fair dealing is an implied term in every contract." *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 996 (9th Cir. 2002). The covenant of good faith and fair dealing "is, by definition, an implied contract term; it has no relation to any statutory duties which may exist." *Smith v. City and County of San Francisco*, 225 Cal. App. 3d 38, 49 (1990). It "is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." *Wolf v. Walt Disnes Pictures & Television*, 162 Cal. App. 4th 1107, 1120 (2008). The elements for such a claim in California are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the defendant's conduct caused the plaintiff's injury. *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) (quotation marks omitted) (citing Judicial Council of

California Civil Jury Instruction No. 325).

Wells Fargo argues that Plaintiff is not a party to any contract with Wells Fargo, and that as a result, it could not breach the covenant of good faith and fair dealing in this case. MTD at 14. In Plaintiff's Opposition, she provides no direct response to this argument, but she instead regurgitates the allegations in the FAC. *See* MTD Opp. at 9. Plaintiff's only basis for this claim is that "Defendants have commenced foreclosure proceedings against Plaintiff without first giving property notice to plaintiff in clear violation of §2923.5." *Id.* ¶ 34.

As the FAC stands, Plaintiff has not adequately pleaded that she is a party to any contract with Wells Fargo, which defeats a cause of action based in the implied covenant of good faith and fair dealing. *See generally* FAC. To the extent Plaintiff's allegations may be read to implicate the actions by WSB that occurred during the origination of the loan and before the WSB's interests were taken over by Wells Fargo, the Court would find any claims based on that conduct would be preempted by HOLA, as detailed above. Plaintiff's third cause of action is a legal conclusion with no factual allegations to support it, and the Court would dismiss it. *See Mendiondo*, 521 F.3d at 1104.

### *Fourth Cause of Action − Violation of Business & Professions Code § 17200*

In the fourth cause of action, Plaintiff alleges that Defendants violated California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200. FAC ¶¶ 36-46.

"A plaintiff may allege either an unlawful, an unfair, or a fraudulent act to establish liability under the UCL." *Marques v. Wells Fargo Bank, N.A.*, No. 16-cv-03973-YGR, 2016 WL 5942329, at *8 (N.D. Cal. Oct. 13, 2016) (citing *Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)). "As to the unlawful prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law." *Johnson v. Select Portfolio Servicing, Inc.*, No. 15-cv-9231-JFW, 2016 WL 837895, at *4 (C.D. Cal. Mar. 3, 2016) (citation omitted). "A business practice is 'unfair' when that practice 'either offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Id.* (citing *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008)). "A business practice is 'fraudulent' if members of the public are likely to be deceived." *Id.* (citing *Prata v. Superior Court*, 91 Cal. App. 4th 1128, 1146 (2001)).

In support of the UCL claim, Plaintiff alleges that "[t]he acts of the Defendants above,

16

constitute unfair business practices and/or acts, as defined [in the UCL] . . . as the acts were in violation of California statutory law, specifically §2923.5." FAC ¶ 38. Plaintiff then alleges that Defendants were "in violation of established California public policies to promote and preserve home ownership and to prevent forecloses (Civ. Code §§ 1695(b), 2923.5 et seq. & 3412)." Defendants rebut, arguing that the UCL claim is based on Plaintiff's faulty § 2923.5 claim and conclusory references to California Civil Code §§ 1695(b) and 3412. MTD at 15. The Court agrees with Wells Fargo. Plaintiff's UCL claim cannot rest on her inadequately pleaded § 2923.5 claims. As to California Civil Code §§ 1695(b) and 3412, Plaintiff provides no discussion of those laws or how the facts in this matter violate them, so they similarly cannot form a basis of her UCL claim. *See generally* FAC; *see also Mendiondo*, 521 F.3d at 1104. The Court would dismiss Plaintiff's UCL claim on that basis.

Wells Fargo also argues that Plaintiff lacks standing to bring the UCL claim because Plaintiff has not pleaded any facts showing that Wells Fargo's conduct, as opposed to Walters's conduct in defaulting on the Loan, caused an injury to Plaintiff. MTD at 16. Courts are reluctant to find causation when a borrower defaults on a loan prior to the alleged misconduct of the lender. *Maomanivong v. Nat'l City Mortg. Co.*, No. C-13-05433-DMR, 2014 WL 4623873, at *19 (N.D. Cal. Sept. 15, 2014) ("Plaintiff has pointed the court to no other cases, and the court has found none in its own research, in which a court has found that a homeowner has standing to bring a UCL claim against a lender for the lender's allegedly unlawful, unfair, or fraudulent conduct occurring after the homeowner's default, where the default was not induced by the conduct of the lender and where the conduct has not yet led to a foreclosure sale."). Without showing that the losses associated with foreclosure resulted from Wells Fargo's actions rather than from Walters's conduct, Plaintiff has not met the requirement of standing under the UCL. *See Hall v. Time Inc.*, 158 Cal. App. 4th 847, 849 (2008), *as modified* (Jan. 28, 2008) (holding that "the UCL imposes a causation requirement; that is, the alleged unfair competition must have caused the plaintiff to lose money or property."). Plaintiff has insufficiently pleaded how Wells Fargo's actions, as opposed to Walters's actions in defaulting, caused her injury. *See* FAC ¶¶ 36-46. For that reason, the Court would also dismiss this cause of action.

### *Fifth Cause of Action − Cancellation of Written Instruments*

In the fifth cause of action, Plaintiff requests the cancellation of the "recorded foreclosure documents" as void from the inception. FAC ¶¶ 47-53. Wells Fargo argues that rescission is a

17

remedy rather than an independent cause of action. MTD at 19.

California Civil Code Section 3412 provides that "[a] written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." "To prevail on a claim to cancel an instrument, a plaintiff must prove: (1) the instrument is void or voidable due to, for example, fraud; and (2) there is a reasonable apprehension of serious injury including pecuniary loss or the prejudicial alteration of one's position." *U.S. Bank Nat'l Ass'n v. Naifeh*, 1 Cal. App. 5th 767, 774 (2016).

Here, Plaintiff includes no factual allegations addressing the required elements. It is also unclear whether Plaintiff refers to the deed of trust among the "recorded foreclosure documents" she wishes to cancel, and whether her naming of the "Notice of Default and Notice of Trustee Sale" is an all-inclusive list. FAC ¶¶ 50-51. If Plaintiff chooses to pursue this claim, she should amend the fifth cause of action to definitively specify which written instruments she seeks to cancel. Plaintiff would also have to demonstrate that the instrument at issue is void or voidable and that there is reasonable apprehension of serious injury.

As the FAC stands, the Court would find that Plaintiff fails to state a claim in the fifth cause of action. *See Mendiondo*, 521 F.3d at 1104.

### *Sixth Cause of Action − Declaratory Relief*

Plaintiff requests declaratory relief in the sixth cause of action. FAC ¶¶ 54-59. Defendant argues that declaratory relief is a remedy, not a cause of action. MTD at 19.

The Court agrees with Wells Fargo. Under federal law, declaratory relief is not an independent cause of action, but a remedy. *See* 28 U.S.C. §§ 2201, 2202; *see also National Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 21 (2d Cir. 1997) ("The DJA is procedural in nature, and merely offers an additional remedy to litigants."); *Commercial Union Ins. Co. v. Walbrook Ins. Co.*, 41 F.3d 764, 775 (1st Cir. 1994) ("A declaratory judgment is not a theory of recovery."); *Fiedler v. Clark*, 714 F.2d 77 (9th Cir. 1983) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).

Because Plaintiff's other causes of action do not survive the MTD, the Court would dismiss the sixth cause of action; requesting declaratory relief is not an independent cause of action. *See Kimball v. Flagstar Bank F.S.B.*, 881 F. Supp. 2d 1209, 1219-20 (S.D. Cal. 2012) (holding that "[d]eclaratory relief is not an independent cause of action, but instead a form of

equitable relief" and dismissing plaintiff's declaratory relief claim when she failed to state claim under her other causes of action).

## IV. Conclusion

"Plaintiff requests this Court grant leave to amend the Complaint to cure any alleged pleading insufficiencies." MTD Opp. at 13. As per Rule 15 of the Federal Rules of Civil Procedure, "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

For the aforementioned reasons, the Court would **DISMISS** Plaintiff's claims **WITHOUT PREJUDICE** to allow Plaintiff an opportunity to amend them to conform to this Order. As to Plaintiff's motion to remand, for the above reasons the Court **DENIES** that motion.